### NICHOLSON v. HAYES et al.

(Circuit Court of Appeals, Fifth Circuit. December, 14, 1909.)

No. 1,942.

1. MORTGAGES (§ 32*)—DEEDS POLL—POSSESSION—ESTOPPEL.

Where deeds poll were executed pendente lite, and in one of them the consideration was dependent on the result of litigation, no possession being shown in the mortgagee, he was not estopped by them.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 85; Dec. Dig. § 32.*]

2. MORTGAGES (§ 32*)—ABSOLUTE DEED AS MORTGAGE—ESTOPPEL.

Grantors in deeds poll executed pendente lite are not estopped in equity from showing that they were mortgages.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 85; Dec. Dig. § 32.*]

In Error to the Circuit Court of the United States for the Southern District of Texas.

Action by Milton L. Hayes and others against Charles A. Nicholson. Judgment for plaintiffs, and defendant brings error. Affirmed.

Henry F. Ring and Presley K. Ewing, for plaintiff in error.

H. Masterson, N. C. Abbott, and H. N. Atkinson, for defendants in error.

Before PARDEE and McCORMICK, Circuit Judges.

PER CURIAM. Although the clerk certifies "the foregoing to be a true and correct copy of the record, assignment of errors, and all proceedings in the cause numbered 67 C. L. on the law docket of said

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

court, entitled Milton L. Hayes v. R. E. Dodson et al., as the same now appears on file of record in my office," it appears that only such parts of the record as the plaintiff in error directed are included in the transcript. The answer or other pleading putting the cause at issue as to the plaintiff in error, one of the defendants below, is omitted, leaving us to infer his defenses and claims.

Our conclusion, on the record as presented, is that no one of the assignments of error is well taken, and only one, the eighth, needs particular notice. The eighth reads:

"The court erred in denying the said defendant Nicholson's prayer for a direction to the jury to disregard all testimony tending to show that the three deeds in favor of Masterson from the defendants claiming to be the heirs of John W. Martin were mortgages and to consider them as absolute deeds."

The evidence of Masterson that "those deeds, while purporting to be deeds on their face, as a matter of fact were only security for small sums of money advanced during litigation," was admitted on the trial without objection. The deeds are deeds poll, and show on their face that they were made pendente lite, and in one of them the consideration is made dependent on the result of the litigation. No possession having been shown in Masterson, he is not estopped by said deeds. See Bigelow on Estoppel, 344. The grantors are not estopped in equity from showing the deeds to be mortgages.

The question as affecting the issues in this case is one of fact, and not of jurisdiction. The judge's charge to the jury, to the effect that if they believed that the three deeds to H. Masterson were not intended as mortgages, as testified to by said H. Masterson, then they should so state in their verdict, and find in favor of the plaintiff to the extent of the undivided interests of the parties making the conveyances, was not excepted to, and it sufficiently guarded the rights of the parties.

The judgment of the Circuit Court is affirmed.